Citation Nr: 1710367 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 96-07 870 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for right shoulder bursitis.

2. Entitlement to an initial rating in excess of 10 percent for right shoulder clavicle or scapula impairment (acromioclavicular (A/C) separation).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

R. Janofsky, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1975 to November 1981 and from July 1984 to December 1994.

This matter comes before the Board of Veterans' Appeals (Board) from a July 1995 rating decision by the Boston, Massachusetts Regional Office (RO) of the Department of Veterans Affairs (VA). In an August 2000 rating decision, the Veteran was awarded a separate 10 percent rating for his right shoulder A/C separation effective January 1, 1995. 

The Veteran was afforded a hearing before a Hearing Officer at the Boston RO in July 1996. A transcript of the hearing is associated with the claims file.

These claims have a long procedural history and have been remanded numerous times. Most recently, in June 2012, the Board remanded the issues on appeal for additional development. The Board finds that the RO did not substantially comply with the June 2012 remand because as discussed below, the requested development was not completed adequately. Thus, this matter must be remanded for full compliance with the remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The Board sincerely regrets this further delay, but as noted above, there was not substantial compliance with the June 2012 remand directive to undertake additional warranted development. The Board finds that in this case, VA's duty to assist in the development of the claim has not been satisfied, as additional VA treatment records identified by the Veteran may exist but have not been obtained. Therefore, the Board regrettably finds that a remand is again necessary.

While the Veteran's claims file contains some VA treatment records, it is clear that not all records are associated with the file. In an August 2011 letter, the Veteran stated that he then received care at two VA facilities: a VA clinic in Springfield, Massachusetts and the VA Hospital in Leeds, Massachusetts, both of which are part of the VA Central Western Massachusetts Healthcare System. In June 2010, the Veteran provided signed releases for VA to obtain treatment records from those VA facilities from September 2006 to the present. The RO obtained treatment records from the Northampton, Massachusetts VAMC (part of the VA Central Western Massachusetts Healthcare System) from September 2006 to December 2011 and considered them in the January 2012 supplemental statement of the case. However, the VA did not make those records part of the claims file; rather, the SSOC indicates that the RO "reviewed" these records. Therefore, the RO should locate those records and associate them with the record. 

However, the RO did not attempt to obtain the Veteran's identified outpatient treatment records from the VA Springfield Community-Based Outpatient Clinic in Springfield, Massachusetts. Additionally, the Veteran was afforded a VA examination in September 2014 in which the VA examiner referenced March 2013 treatment records relevant to the Veteran's right shoulder conditions, which are not associated with the claims file. The Court has held that VA medical records are in constructive possession of the agency and must be obtained if pertinent. 38 C.F.R. § 3.159(c)(2) (2016); see Bell v. Derwinski, 2 Vet. App. 611 (1992). Therefore, the Board finds that a remand is necessary to obtain these VA treatment records.

Finally, the Veteran's last right shoulder VA examination was in September 2014. As the Board is remanding this case for the reasons discussed above, he should be afforded another VA examination to assess the current nature, extent and severity of his right shoulder disabilities.

Accordingly, the case is REMANDED for the following action:

1. Locate and associate with the record the Veteran's VA treatment records from the Northampton, MA VAMC from September 2006 to December 2011 referenced in the January 2012 supplemental statement of the case.

2. Attempt to obtain and associate with the record the Veteran's complete medical records from the following VA facilities and time periods: 
* Brockton, MA VAMC from January 1999 to the present; 
* VA Central Western Massachusetts Healthcare System in Leeds, MA from September 2006 to the present, including but not limited to the Northampton, MA VAMC and the VA Springfield Community-Based Outpatient Clinic in Springfield, MA; and 
* Boston, MA VAMC from October 2009 to the present.

3. Then, schedule the Veteran for the appropriate VA examination to determine the current nature and severity of his service-connected right shoulder disabilities. All indicated tests and studies should be accomplished and the findings then reported in detail. 

The complete claims file, including a copy of this remand, should be provided to the examiner. The examiner must note in the examination report that the complete claims file was in fact made available for review in conjunction with the examination. 

If possible, the examiner should specify which symptoms, findings, and/or functional limitations he or she attributes to the Veteran's service-connected right shoulder bursitis and A/C separation, respectively, and which symptoms he or she attributes to his non-service connected right clavicle fracture.

4. After completing the above and any other development deemed necessary, readjudicate the Veteran's claims based on the entirety of the evidence. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. The case should then be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 

_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).